## MOONEY v. DETRICK.*

### No. 12,551; December 12, 1889.

22 Pac. 1111.

Insolvency.—A Discharge in Insolvency is not a Bar to an Action on a contract for hiring for a certain length of time, for money which became due thereon after defendants were declared insolvent, as under Insolvency Act of 1880, chapter 87, section 42, only such sums as were due at the time they were declared insolvent could be proved, and would be affected by the discharge.

*For subsequent opinion in bank, see 85 Cal. 549, 26 Pac. 280.

APPEAL from Superior Court, City and County of San Francisco.

Action by John H. Mooney against E. Detrick and J. H. Nicholson. Judgment for plaintiff, and defendant Detrick appeals.

Kellogg & King for appellant; Dorn & Dorn for respondent.

SHARPSTEIN, J.—This action is for the recovery of money alleged to be due plaintiff from defendants under a contract between them, to the following effect: Plaintiff having sold and assigned a patent right to defendants, in consideration thereof promised to serve said defendants in and about their business for the term of five years from the first day of January, 1881; and the defendants agreed to employ the plaintiff during said entire period of five years, and to pay him for every day of his employment, during said entire period (Sundays and holidays excepted), the sum of $4.50. Pursuant to the terms of said agreement, defendants employed plaintiff in and about their business constantly, and paid him in full therefor, until the first day of March, 1884. Since March 1, 1884, defendants have failed and refused to give plaintiff employment, except for the space of one hundred and sixty-six days, and refused to pay plaintiff anything more than $664 under said contract. Judgment was entered in favor of plaintiff, and against the defendants, for the sum of $1,333.40, interest and costs. Defendant's motion for a new trial was overruled, and from that order and the judgment this appeal is taken by defendant, Detrick. The defendants in their answer allege that as a firm and individually they and each of them were on the 14th of July, 1884, discharged of and from all debts, liabilities and claims whatever, except such as were by the insolvent laws excepted from its operation, and that the claim sued on in this action is not one of the claims so excepted. The petition of the defendants as a firm and as individuals was filed on the twenty-eighth day of February, 1884, and the plaintiff's cause of action, if any, has accrued since that date. The discharge and proceedings leading up to it are well pleaded, and the allegations of the defendants in relation thereto are admitted by the plain-

tiff to be true.   The plaintiff presented his claim against the defendants to the assignee in insolvency, and he refused to allow it; whereupon plaintiff applied to the court in which the insolvency proceedings were pending for leave to sue the assignee, but such application was denied.   The demand sued on in this action was not set forth in the schedule of claims, debts, liabilities and demands filed by the defendants or either of them in the insolvency proceedings, and was not, and, we think, could not have been, proved therein.   When the defendants were adjudged to be insolvent there was nothing due from them, or either of them, to the plaintiff under their contract with him.   Had anything then been due from defendants to plaintiff, he might have proved his claim for the amount, and no more: Insolvent Act 1880, c. 87, sec. 42.   The certificate of discharge is only a bar to debts and demands which were or might have been proved, but not as against personal covenants which were not provable.   If a demand is not provable, it is not barred by the certificate.   This is the just and settled rule: Murray v. De Rottenham, 6 John. Ch. (N. Y.) 52.   Judgment and order affirmed.

We concur: McFarland, J.; Thornton, J.